UNITED STATES SHOE CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 94–11–00668

### ORDER RE: CLAIMS RESOLUTION PROCEDURE

RESTANI, *Judge:* Having considered defendant's and various plaintiffs' proposals for a claim resolution plan to resolve the numerous suits filed with the court to recover unconstitutionally exacted Harbor Maintenance Taxes (HMT) the court proposes the following plan to cover HMT paid on exports.

Parties wishing to file written objections to the plan may do so by August 14, 1998. Hearing on the proposed plan will begin at 11:00 a.m. on August 20, 1998 at the United States Court of International Trade, New York, New York.

### TABLE OF CONTENTS

1. Proposed Plan
2. Harbor Maintenance Tax Refund Claim Form

3. Harbor Maintenance Tax Payment Listing and Certification
4. Model Judgment

1. Plan

I. *Proposed Claim Resolution Process for HMT on Exports*

OVERVIEW

In accordance with its previous determinations the court orders immediate refund to be made for claims accrued within two years of the filing of plaintiffs' complaint with the court. For some plaintiffs various statute of limitations issues relating to older claims remain outstanding. If necessary, a second refund will be made for older HMT claims related to exports. In addition, the court has determined that interest is owing on refunded amounts, but the United States is entitled to a stay pending appeal of this issue. Accordingly, if interest is finally determined to be owing, the second refund will include payment for whatever interest is owing.

Following submission of a claim form by a plaintiff, the United States Customs Service will perform an initial search of its computer database for Harbor Maintenance Tax exporter payments. Plaintiff will review Customs' information and, if the information is not disputed, will receive refunds for the specified amounts. Any plaintiff who wishes to dispute Customs' information will have an opportunity to do so by submitting appropriate documentation to Customs. Claims that cannot be resolved after the plaintiffs submit their documentation will be submitted to the court for resolution. Thus, the claims disposition process will proceed as follows:

A. *Receipt of Claims Forms*

Each plaintiff will complete a claims form (see attached) and return it to Customs (address to be provided) by October 15, 1998. Plaintiff will attach the filed complaint to its claim form. Customs will process refunds in chronological order by date of filing of plaintiff's first complaint.

B. *Phase One—Initial Review of all Claims*

1. *Customs' Verification*

During Phase One of the claims process, Customs will inform plaintiffs of the quarterly payments verified in its database. To accomplish that, computer technicians will perform queries of Customs' database for each exporter listed on the claims form. Customs will not search its back-up documentation during this phase. Customs will complete its report, listing all of the payments verified by the database and return

the HMT Payment Report and Certification ("Certification") form to plaintiff. (See attached.).[1]

## 2. *Plaintiffs' Review*

If it is satisfied with the payments listed on Customs' report, a plaintiff will certify on the same form that it believes it is entitled to a refund in the amount specified. Plaintiff will then fill out and sign a judgment form (see attached) with the Certification attached and return the form to the Department of Justice for signing and filing with the court.

## 3. *Schedule and Entry of Judgment*

Defendant shall process no fewer than 500 claims per month and will report to the court monthly on its progress. The court expects speed of processing will increase over time. The first set of judgments shall be presented to the court by December 15, 1998. Each 15th day of the month thereafter another set of completed judgment forms shall be presented to the court.

## C. *Phase Two—Disputed Claims*

Plaintiffs who wish to dispute the payments verified by Customs' database will do so during Phase Two, which will begin immediately upon completion of Phase One, but no later than March 15, 1999. Those plaintiffs will supply Customs with documentation supporting their claims for different or additional payments. Customs will query its computer database and perform the additional step of searching its paper records to attempt to resolve the dispute. Customs will then return a revised Harbor Maintenance Tax Payment Report and Certification form to plaintiffs. Administrative review will resolve many disputes; if the revised Certification is satisfactory to plaintiffs, they will then return a judgment with attached Certification form to the Department of Justice for a signature and filing.

## D. *Phase Three—Judicial Review*

If the disputes cannot be resolved, plaintiffs may request judicial resolution by filing a proposed scheduling order with the court. Procedures established by this plan are not intended to apply to cases requiring judicial resolution and whatever substantive or procedural law is normally applicable will apply.

## II. *Resolution of Other Issues*

*Stone Container Corp. v. United States,* Court No. 96–10–02366 and *Swisher Int'l., Inc. v United States,* Court No. 95–03–00322 have been designated test cases on issues relating to jurisdiction and statute of

---

[1] Given the limitations of this database, Customs will perform this initial review based upon the claims form and without documentation for exporters who made payments directly and in their own name. For exporters who used freight forwarders to make payment, in addition to the claims form, the name of the freight forwarder, the name and exporter identification number of the exporter upon whose behalf payment was made, a listing of payment amounts by quarter and the CF349 (Quarterly Summary Report) or other suitable information submitted with the payment must be submitted with the claims form. Without this information, it will be difficult to locate the freight forwarder payments for which the exporter is seeking a refund. With this additional information, Customs will perform the same initial review and complete the Harbor Maintenance Tax Report for payments made by freight forwarders.

limitations. Any plaintiff who wishes immediate payment on claims covered by a complaint filed within the two years statute of limitations but has included older claims in its complaint must seek severance of the older claims. A proposed order of severance should be filed with the court; a new court number will be assigned and the severed action will be stayed pending resolution of the applicable test case.

Any HMT claim related to any non-export matter must also be severed if immediate judgment is desired on export claims. If there remain any non-export issues for which a test case is not now proceeding, a plaintiff who wishes its case to proceed as a test case on such issue shall so advise the court in its comments on the proposed plan by August 14, 1998.

---

Court No. _____

HARBOR MAINTENANCE TAX REFUND CLAIM FORM

*Date of Filing of First Complaint:*_____/_____/_____
                                  Month    Day    Year

Instruction: Please supply all of the information requested below. If payment was made under more than one name or exporter identification number, please identify all possible names and EINs. Attach additional sheets if necessary. **This form is to be used only by exporters who have filed complaints in the Court of International Trade. Any forms submitted by exporters who do not have a case pending will not be processed.**

1. *Name of Plaintiff(s):*

2. *Exporter Identification Number(s):*

3. *Exporter Address(es):*

4. Please list all complaints and date of filing in the Court of International Trade covered by this refund claim form and attach copies to this form.

5. Has the plaintiff previously received from the Government any refunds of Harbor Maintenance Tax payments on exports for any reason?\_\_\_\_\_No. \_\_\_\_\_Yes.

   If the answer is "yes," please specify the dates and amounts of such refunds;

6. Name and Address to which Harbor Tax Maintenance Payment Report and Certification is to be Mailed

_____Payment Information or Documentation Supplied by Plaintiff (optional)

_____
Authorized Representative of Plaintiff

Court No. _____

HARBOR MAINTENANCE TAX PAYMENT REPORT AND CERTIFICATION

A. To be completed by Customs:

1. *Name of Plaintiff (including all known variations):*

2. *Exporter Identification Number:*

3. *Quarterly Payments Not Previously Refunded to Plaintiff*

| Payment Quarter | Amount Paid | Date Paid |
|---|---|---|

Total Amount Paid_____

4. Refunds, If Any, Previously Made By Customs

| Payment Quarter | Amount Refunded | Date Refunded |
|---|---|---|

Total Amount Refunded_____

5.  Total Amount Due_____

_____

Signature of Customs

B. To be completed by plaintiff:

I hereby certify on behalf of plaintiff that, to the best of my knowledge and belief, plaintiff paid the Harbor Maintenance Tax payments listed in number 3 and is entitled to a refund of those payments as listed in number 5.

_____

Authorized Representative of Plaintiff

(Slip Op. 98-___)

ABC CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. _____

(Dated _____)

JUDGMENT

RESTANI, *Judge:* Pursuant to the procedures established by Order of the Court in Slip Op. 98-___, it is hereby agreed by counsel for the parties,

(A) Plaintiff, _____; and

(B) Defendant, the United States of America ("United States") that:

1. The claims and refunds covered by this Judgment are claims in Court No(s). _____ (attached) relating to payments of the Harbor Maintenance Tax (HMT) on exports.

2. The court has jurisdiction under 28 U.S.C. § 1581(i).

3. The action was commenced on _____.

4. The amounts set forth on the attached Harbor Maintenance Tax Payment Report and Certification were HMT payments for exports that plaintiff has certified were made and that have not previously been refunded.

5. Plaintiff is entitled to refunds of the payments on the attached Harbor Maintenance Tax Payment Report as provided by law in accordance

with the decision in *United States v. United States Shoe Corp.*, 118 S. Ct. 1290 (1998).

6. Interest shall be paid on the refunded amounts in accordance with a schedule set by the court should appellate court proceedings in *International Business Machines .Corp. v. United States*, Court No. 94–10–00625 finally resolve that interest is owing on HMT payments.

7. All other non-severed claims in this action are dismissed.

8. Undersigned counsel for the United States and for plaintiff represent that they are authorized by the United States and plaintiff, respectively, to consent to this judgment form.

9. The refund checks issued pursuant to this judgment shall be mailed to plaintiff within 30 days, care of the undersigned attorneys for plaintiff.

10. Each party will bear its own attorney fees, expenses and costs.